IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMERICAN TOWER, L.P.                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:16CV00133-NBB-DAS

URBAN RADIO BROADCASTING, LLC;
URBAN RADIO LICENSES, LLC; AND
URBAN RADIO COMMUNICATIONS, LLC                                              DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

This cause comes before the court upon the defendants' motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Upon due consideration, the court finds that the defendant's motion should be denied.

The plaintiff alleges that this court has jurisdiction over its claims on the basis of diversity jurisdiction. Diversity jurisdiction exists when the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). *Complete* diversity is required which means "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

The defendants filed the present motion to dismiss arguing that the citizenship of the parties is not diverse because the plaintiff and defendants are all entities created under the laws of the State of Delaware. The plaintiff is a limited partnership, and the defendants are limited liability companies. "The state under the laws of which a limited partnership [or limited liability company] is organized is irrelevant for diversity jurisdiction purposes." *Magnolia Management Corp. v. Quest Rescue Partners-8, L.P.*, 792 F. Supp. 45, 48 (S.D. Miss. 1992). The citizenship of a limited partnership or a limited liability company is determined by the citizenship of all of

its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990); *Harvey*, 542 F.3d at 1080. The district court must consider the citizenship of the entity's limited as well as general partners to determine the existence of complete diversity. *Carden*, 494 U.S. at 185.

The record in the case *sub judice* reveals that the plaintiff is comprised of one general and one limited partner, ATC, G.P., Inc., and ATC, L.P., Inc., both of which are Delaware corporations with their principal place of business in Massachusetts. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, the plaintiff is a citizen of Delaware and Massachusetts for diversity jurisdiction purposes. The three defendants are limited liability companies, two formed in Delaware, one formed in Mississippi, each having its principal place of business in Florida. Because the state in which a limited liability company is organized is irrelevant for diversity jurisdiction purposes, the defendants are citizens of Florida only. Complete diversity exists; thus, this court has jurisdiction of this case, and the defendants' motion should be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendants' motion to dismiss for lack of jurisdiction is hereby **DENIED**.

This, the 30th day of March, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**